## Rome v. Rome

*James B. Ceris*, for plaintiff.
*William H. McNees, Jr.*, for defendant.

KLEIN, *J.*, October 17, 1975—The issues before us are (1) whether a divorce should be granted, and (2) whether the court should decree an allowance for the support of defendant spouse under the Act of September 22, 1972, P.L. 880, sec. 2, 23 P.S. §48, providing for same in case of application for divorce from a spouse upon grounds of insanity or serious mental disorder pursuant to section 1 of the same act: 23 P.S. §10(4), before granting a divorce.

## I.

We have carefully read the testimony taken by the master and returned with his report, as well as his report, and we are satisfied that defendant suffers a serious mental disorder which has resulted in confinement in a mental institution for at least three years immediately before the filing of the complaint and that there is no reasonably foreseeable prospect of defendant spouse's being discharged from inpatient care during the next three years subsequent to the filing of the complaint. For these reasons, we think a divorce should be granted as prayed for.

## II.

The language of the pertinent statute being substantially similar to the provision of the 1929 Divorce Law, providing for permanent alimony where the respondent is insane at the time of divorce on other grounds: Act of May 29, P.L. 1237, 23 P.S. §45, it confers on the court judicial discretion in the matter without imposing an imperative duty or an absolute obligation to order an allowance for support: Hedderick v. Hedderick, 163 Pa. Superior Ct. 564, 63 A. 2d 373 (1949). Also, see Act of July 16, 1975, P.L. 40.

Plaintiff-libelant is 70 years of age, having retired five years ago from his employment as a steelworker after 43 years of service. His principal assets are the home he owns in the Borough of Aliquippa and a 1973 auto, for which he remains obligated to make nine additional monthly payment of $104.88. Plaintiff's current income is $678.33 monthly, consisting of $298.70 in Social Security benefits, $268.71 in private pension payments and $110.92 from part-time janitorial service for an Aliquippa business firm.

Defendant-spouse was adjudicated a person of unsound mind on July 25, 1938, by this court at September term, 1938, no. 81, and has been confined to Dixmont State Hospital since July 27, 1938. She is now 63 years of age and eligible for Social Security benefits based upon plaintiff-husband's employment. Such payments are remitted to the Commonwealth to defray a portion of the cost of defendant's maintenance and will continue throughout defendant's life whether or not a divorce is granted. Plaintiff's current monthly expenses, including the auto loan payment, totals $642.19. Such expenditures are reasonable both in nature and amount.

Considering the facts set forth above, which alone are a sufficient basis for our conclusion, but also recognizing that the current rampant inflation is producing frequent increases in prices of such necessaries as food, medicine, utilities, gasoline, etc., we conclude that plaintiff should not be required to pay an allowance for the support of the defendant-spouse.

## ORDER

And now, October 17, 1975, it is ordered, ad-

judged and decreed that the rule issued upon plaintiff, John D. Rome, to show cause why he should not be required to pay support for defendant be, and it is hereby, discharged.

It is further ordered and adjudged that a decree be entered divorcing the said John D. Rome, plaintiff, from the said Isabella Rome, defendant, and from the bonds of matrimony contracted with her.